## AFFIDAVIT

Affiant, Christopher L. Giordano, having been duly sworn according to law, deposes and states:

Affiant, Christopher L. Giordano, is a Detective of the Cleveland Heights Police Department (CHPD) and Task Force Officer (TFO) for United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), within the meaning of Section 878(a) of Title 21, United States Code, that is an officer who is empowered by law to conduct investigations, make arrests, execute search warrants, and seize property in connection with violations of Title 18, United States Code and Title 21, United States Code. Affiant is a TFO for the DEA, and has been so employed since April 2009. Affiant has been assigned to the DEA Cleveland Resident Office in Cleveland, Ohio, since April 2009.

## TRAINING AND EXPERIENCE

1.    Affiant is a Detective with the Cleveland Heights Police Department, who presently is assigned as a TFO for the DEA, Cleveland Resident Office. Affiant has been a TFO for the DEA since April 2009. Affiant has been employed by the CHPD since 1998 in the capacity of patrolman, investigator, and detective throughout his law enforcement career.

2.    Affiant has been involved in the investigation of various individuals and organizations involved in the manufacturing, distribution, and use of controlled substances. Affiant has conducted surveillance operations and has become familiar with the methods used by the individuals engaged in the manufacturing, trafficking, and use of controlled substances. Affiant has received training at the DEA Basic Narcotics School in Columbus, Ohio, in regard to the identification of narcotic substances and the operation of drug trafficking organizations. Affiant has received a Master of Science Degree in Administration of Justice from Mercyhurst

College during his law enforcement career. Affiant has completed further training while employed as a DEA TFO in the fields of basic telecommunications exploitation, electronic surveillance, asset forfeiture, money laundering, and narcotics interdiction. Affiant also has extensive field experience as a TFO which included undercover purchases of controlled substances, management of confidential sources who purchased controlled substances, and made seizures of contraband, conveyances, currency, drug paraphernalia, and firearms possessed or used in relation to violations of Title 21, United States Code, Section 841, that familiarized him with the practices of drug traffickers. Throughout his career, Affiant has investigated hundreds to thousands of individuals and organizations involved in the manufacturing, distribution, and use of controlled substances. Affiants' investigations have resulted in hundreds of arrests and convictions of drug traffickers and the seizure of significant amounts of illegal drugs and drug related proceeds. Affiant has testified as an expert in federal court as to drug trafficking investigations.

3.      Based upon the above experience, Affiant is familiar with the *modus operandi* of persons involved in illicit distribution of controlled substances as well as the terminology used by persons involved in the illicit distribution of controlled substances. Affiant is aware that persons involved in the illicit distribution of controlled substances routinely attempt to conceal their identities as well as the location at which drug transactions take place. Furthermore, Affiant is aware that persons involved in the illicit distribution of controlled substances rely on their vehicles to (a) transport controlled substances to and from their customers and suppliers; (b) transport the proceeds of drug sales to and from customers and suppliers; (c) meet drug customers and suppliers in secluded, neutral, pre-arranged places to conduct drug trafficking

2

business; and (d) store contraband and money at different locations, sometimes referred to as "stash houses."

4.     Affiant makes this Affidavit in support of a warrant authorizing a search of the property described in Section II, below.  This affidavit does not contain each and every piece of information known to Affiant and other investigators, but rather only information sufficient to establish probable cause to support the requested warrant. The information contained in this affidavit comes from both the Affiant's personal knowledge and from information provided by other Agents and law enforcement personnel involved in the investigation.

## DESCRIPTION OF PROPERTY TO BE SEARCHED:

5.     This Application requests authorization to search the following Target Cellular Telephones, all of which were seized during the execution of a federal document and narcotics search warrant at 3429 East 110th Street, Cleveland, Ohio, on October 21, 2016:

  a.     One black and navy colored flip style AT&T Cell phone, IMEI: 869069025124400, S/N: 328456822719, model: Z222, located on the Billiard room floor; and

  b.     One black Kyocera blue Cell phone model S3150, MEID HEX: A0000041767779, FCC ID: V65S3150, located on the TV room shelf.

## PROBABLE CAUSE FOR SEARCH WARRANT

6.     Affiant knows, based upon training and experience, that persons engaged in drug trafficking require expedient forms of communication to contact suppliers, couriers, and customers; therefore, continuous access to telephone and internet communications, including cellular telephones (traditional, Smartphones, and pre-paid) is often necessary to the success of drug traffickers.  Affiant also knows that drug traffickers frequently utilize more than one

3

cellular telephone at a time in an effort to evade detection by law enforcement. Affiant also

knows that drug traffickers commonly switch or drop phones on a frequent basis, particularly in

response to enforcement actions directed at co-conspirators. Further, Affiant knows that drug

traffickers often keep records relating to their associates, including addresses, telephone and

pager numbers, records relating to drug transactions and money, and that the records are often

stored on the drug traffickers' cellular phone(s) and/or other electronic devices, such as laptop or

tablet computers, or USB mass storage devices.

7.     Affiant knows, through training and experience, that drug traffickers often utilize

cameras, cellular telephones with video/photographic capabilities, and/or video cameras and

camcorders to record various aspects of their lives, to include their drug trafficking activities.

8.     Affiant also knows that drug traffickers often depend upon communications to

maintain their extensive contacts throughout the country and abroad. This communications

system expedites the transportation of drugs from the main Source of Supply (SOS), through the

drug distribution network, and eventually to the end user, the drug user. To do this, continued

access to telephone and internet communication is important if not essential to maintaining

timely long distance and local contacts.

9.     Affiant also knows from both training and experience that telephone and internet

communications are important, if not essential, to drug traffickers due to the distances involved

in moving narcotics and coordinating the delivery of those narcotics to couriers and, ultimately,

street-level drug dealers. Additionally, Affiant knows that cellular telephones commonly come

equipped with digital cameras that can be used to acquire, store, transfer and transmit images and

documents that can be used to facilitate the possession, use, manufacture and distribution of

controlled substances. Affiant also knows that cellular phones and other electronic devices now

4

commonly allow for the user to have internet access, which can be used in furtherance of drug trafficking activity.

10.     Your Affiant also knows through training and experience that drug traffickers will often purchase multiple inexpensive phones, often of the same make and model, to use in contacting their suppliers, couriers, and customers. Your Affiant is also aware, through training and experience, that drug traffickers will give one number to a supplier, one phone number to couriers, one number to a customer, etc., in order to avoid detection and interdiction from law enforcement if a phone number is compromised through enforcement actions.

11.     Your Affiant also knows, through training and experience, that drug traffickers will often register or purchase property in the name of individuals other than those who primarily use the property in an effort to disguise the ownership of property used to facilitate drug trafficking from law enforcement.

## BACKGROUND INFORMATION

12.     Since August 3, 2016, members of the DEA CRO and Cuyahoga County Sheriff Office (CCSO) have been investigating the confirmed heroin-fentanyl overdose of Frank GROVER in Cleveland Heights, Ohio. Ongoing investigation of GROVER's heroin-fentanyl overdose by said investigators, including Your Affiant, culminated in the identification of the Curtis WILLIAMS heroin-fentanyl Drug Trafficking Organization (DTO) operating in the Northern District of Ohio. In October of 2016, during a sample obtainment and controlled purchase of heroin by a credible Confidential Source (CS) from WILLIAMS and Jayvon DUNN, DTO member, investigators identified the residence of 3429 East 110th Street, Cleveland, Ohio, as a "trap house", a location used to store narcotics, weapons, drug trafficking proceeds, and other contraband, utilized by Curtis WILLAMS, Jayvon DUNN, aka "Cool", and yet to be

5

identified co-conspirators.

13.     On October 20, 2016, based on the totality of the investigation, Your Affiant obtained a federal document search warrant from the Honorable Judge Thomas Parker for the residence of 3429 East 110th Street, Cleveland, Ohio, and Jayvon DUNN's vehicle.  Reference should be made to NDOH Case Number 1:16 MJ 3269.

14.     At approximately 6:04 AM, members of the DEA CRO, assisted by the CPD SWAT Unit, executed the federal document search warrant for 3429 East 110th Street, Cleveland, Ohio. At this time, members of the CPD SWAT Unit clearly knocked and announced themselves as law enforcement officers with a search warrant at the side door at 3429 East 110th Street. After receiving no response at the side door location, the CPD SWAT team then made forced entry to the side door area and secured all levels of the residence with assistance of the DEA CRO.  No individuals were located in the residence at this time. Upon securing the residence, members of the DEA CRO, including Your Affiant, observed the following items in plain within different areas of the residence: one digital scale near plastic packaging material, one loaded silver Smith and Wesson 45 caliber pistol (Model/4506, Serial #/TDH7407) near a photograph of Jayvon DUNN, one digital scale containing white residue on the kitchen counter, and suspected marijuana residue, on the closet dresser within the second floor northeast bedroom.  At this time, members of the DEA CRO ceased the federal document search warrant at said location. Your Affiant then requested to obtain a federal narcotics search warrant for the residence of 3429 East 110th Street, Cleveland, Ohio.

15.     At approximately 9:42 AM, Your Affiant obtained a federal narcotics search warrant from the Honorable Judge Thomas Parker in the NDOH. Reference should be made to NDOH Case Number 1:16 MJ 3271.  Members of the DEA CRO then conducted a thorough, systematic search of 3429 East 110th Street, Cleveland, Ohio, and seized the following items of evidentiary value: miscellaneous documents, mail, and identification for Jayvon DUNN, miscellaneous prescription envelopes in the name of Curtis WILLIAMS, one silver Smith and Wesson Model 4506, .45 caliber pistol, Serial #/TDH7407, containing one magazine with eight rounds, one round of ammunition in chamber, one black Russian-SX SKS long rifle bearing Serial #1408224RD, two digital scales, one containing suspected heroin residue,  plastic packaging material, approximately 273.6 gross grams of a suspected marijuana within four plastic bags,  and the Target Cellular Telephones previously described as one black and navy colored flip style AT&T Cell phone, IMEI: 869069025124400, S/N: 328456822719, model: Z222, located on the Billiard room floor; and one black Kyocera blue Cell phone model: S3150, MEID HEX: A0000041767779, FCC ID: V65S3150, located on the TV room shelf.

### INFORMATION STORED ON CELLULAR
### TELEPHONES AND ELECTRONIC DEVICES

16.     Based upon training and experience, Affiant knows that drug traffickers utilize cellular telephones to store records, electronic receipts, notes, ledgers, contact information, customer lists, bank statements, physical addresses, e-mail addresses, to retain and transmit photographs, text messages and e-mail messages, and to access the internet (to track packages), and to communicate with other drug traffickers concerning the  purchasing, transportation, sale, distribution or possession of controlled substances. Affiant also knows, based upon training and experience, that drug traffickers utilize computers and other electronic devices including

7

computers and mass storage devices, such as thumb drives, to store documents and information related to drug trafficking, such as those listed above.

## CONCLUSION

17.     Affiant is aware, based on training and experience, that drug traffickers often use multiple cellular telephones to thwart law enforcement investigation and interception. Based on the fact that the Target Cellular Telephones were found in a single occupant residence at which approximately one Smith and Wesson Model 4506, .45 caliber silver pistol, Serial #/TDH7407, containing one magazine with eight rounds, one round of ammunition in chamber, one black Russian-SX SKS long rifle bearing Serial #1408224RD, two digital scales, one containing suspected white heroin residue,  approximately 273.6 gross grams of a suspected marijuana within four plastic bags, and narcotics packaging material were found, Affiant believes the Target Cellular Telephones contain evidence of drug trafficking.

18.    Affiant believes the Target Cellular Telephones will contain evidence of drug trafficking activities by Curtis WILLIAMS, Jayvon DUNN, and other individuals known and yet unknown, in violation of Title 21, United States Code, Sections 846 and 841(a)(1). Affiant further believes that evidence of said violations is presently being concealed on the Target Cellular Telephones identified in Paragraph 3 hereof, including, but not limited to, the phone number of the particular device, incoming and outgoing call data, dates and times of phone calls, address book information (names associated with various phone numbers), missed, received, and dialed calls, text messages, web browsing history, instant messages and digital images and videos, emails, spreadsheets, and/or word processing documents, all and any of which relates to and constitutes evidence of the foregoing violations.


Christopher L. Giordano
Task Force Officer
Drug Enforcement Administration


Subscribed and sworn to before me on this __3__ day of November 2016.


JONATHAN D. GREENBERG *THOMAS PARKER*
UNITED STATES MAGISTRATE JUDGE

9